REGAN, Judge.
Plaintiff, Telfair Hodgson, instituted this suit against defendants, Santos S. Anas-tasio, operating a 'business establishment in the City of New Orleans under the trade name of Berner’s Service Drug Store, and his insurer, the American Automobile Insurance Company, endeavoring to recover the sum of $35,963.07 for personal injuries and medical expenses allegedly resulting from tripping over the base of a conventional weighing scale negligently located in a passageway of the drug store, owned and operated by defendant, Anastasio.
Defendants answered and denied that they were guilty of any negligence in the premises, and, in the alternative, pleaded the contributory negligence of the plaintiff.
The court, a qua, rendered judgment in favor of defendants and dismissed plaintiff’s suit. Hence this appeal by plaintiff.
The record reflects that on January 4, 1949, at approximately the hour of 1:25 p. m., the plaintiff, a man eighty-three years of age, five feet, six inches tall and weighing ninety pounds, entered defendant’s drug store, which is located in Valence and Fre-ret Streets, with the intention of purchasing a magazine containing an article he desired to show his dentist, whose office, incidentally was housed within the same building and with whom he had an appointment at 1:30 p. m.
The magazines were displayed on a rack located immediately to the right of the entrance along the Freret Street side of the store. Plaintiff turned right upon entering and began his search through the rack for the magazine. He found it at the far upper end of the rack, reached up with his left hand, removed the magazine and, as he moved one step backwards, and away from the magazine rack, his heel struck something which caused him to trip and fall, thus breaking his leg.
No one observed the accident nor the cause thereof, but after plaintiff had fallen, one or more of the store’s employees assisted him to rise and seated him in a chair. Upon partially recovering from the original shock and resulting painful injury, plaintiff endeavored to ascertain what had tripped him and observed, for the first time, a weighing scale on the floor near to the place where he said he had been standing and he testified (through the medium of a deposition) that he “assumed” or “surmised” that he had tripped over the base of the scale.
Plaintiff contends that (1) defendant “failed to have said drugstore properly lighted”, (2) defendant caused or permitted the scale to be placed “at a location which was most dangerous to life and limb and created a trap quoad customers”, (3) defendant “failed to provide properly for the safety of his customers in permitting such *513 an obstruction to be located in the passageway of said store.”
Defendants, in resisting plaintiff’s claim, simply maintain that the proof does not support the alleged fact that plaintiff had tripped over the weighing scale, causing his fall and resulting injuries.
The questions posed for our consideration are: (1) Did plaintiff trip over the scale causing him to fall and sustain the injuries herein l enumerated ? (2) If so, was there negligence on the part of defendant in permitting the scale to be placed where it was? (3) If plaintiff did trip over the scale and if there was negligence in the fact that the scale was placed in a dangerous location, was plaintiff, himself, at fault in tripping over the scale in view of the surrounding circumstances?
None of defendants’ witnesses actually saw plaintiff fall and the only direct testimony relative to “the fall” offered in evidence on behalf of plaintiff, emanates from the plaintiff himself, which is principally as follows: “A. * * * I was looking up to get the magazine, and then stepped back and tripped over something behind my heel and fell heavily to the floor; and the negro man who was working in the drug store at the time he rushed up and helped to pick me off the floor and get me on a chair; and I looked around to see what I might have stumbled over and I saw for the first time a scale, and I assume that that is what tripped me.
* * * * * *
“Q. Could you describe where the scale was in the drug store? A. It was right behind where I was standing at the magazine counter, and I don’t remember of ever seeing it when I went in, but as I sat in the chair waiting quite a while for the ambulance to come, my sister to come, I looked over to see what might have tripped me, and I saw those scales back there, and swnwsed that is what threw me over, but from the time I fell I was in a daze a little while, and in pain and shock.
******
“Q. Did you slip and fall on the floor? A. No, I didn’t slip1. My heel struck something and threw me backwards.”
We have examined the record carefully, particularly the foregoing testimony and, in our opinion, we are compelled to conclude that the plaintiff has not successfully met the burden of proving the manner in which the alleged accident occurred, to wit: that plaintiff had, in fact, tripped over the weighing scale, which was the cause of his fall and resulting injuries. We find no error in the trial court’s conclusion of fact “that there is no direct testimony or positive affirmative proof as to how the accident occurred” and that plaintiff merely “assumed” or “surmised” that the scale caused his fall.
Even if we could find in the record sufficient evidence to justify the conclusion that the trial court was obviously in error in holding that there is no direct testimony or positive proof as to how the accident occurred, still there could be no judgment in favor of plaintiff unless it could be said that there was fault on the part of the defendant, Anastasio, and that there was no contributory negligence on the part of plaintiff, himself, and unfortunately, the actual facts as to where the scale was placed and as to the direction in which the platform extended and as to the nature of the lighting are so obscure, that we cannot say with any degree of certainty that plaintiff has made clear the fact that there was fault on the part of the defendant, Anas-tasio, and that he, himself, was not guilty of contributory negligence. It may well be that plaintiff did trip over the scale, that the scale was placed in a dangerous location and that under the circumstances plaintiff was not, himself, guilty of contributory negligence, but unfortunately from the record, as it now appears before us, we cannot say that on these various questions and particularly on the question of whether plaintiff tripped over the scale, the conclusion reached by the trial court was obviously erroneous.
Plaintiff’s counsel, both in brief and oral argument, stressed the fact that the trial court erred in admitting into- evidence a certain plat drawn by defendants’ witness, Nicholas R. Young, and two posed photographs taken by Ivor E. Throunk, showing the interior of defendant’s drug *514 store as of April 29, 1949 at 11:30 a. m., and the trial court’s alleged error in admitting these exhibits is urged specifically as a ground of reversal herein. We were not impressed by the “plat” and the photographs were taken too long after the accident to 'be of any probative value and, therefore, were not considered by us in reaching our conclusions herein.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.